HARRIS, Judge.
Dennis and Georgia Parker were in the process of purchasing 45% of the stock of Hock It To Me Paun, Inc. from Judy and Armand Savoie when a dispute arose. To protect their interest under the stock purchase agreement, the Parkers confiscated jewelry belonging to the corporation.
In the replevin action that followed, the court found that the jewelry did in fact belong to the corporation and required its return upon the posting of a $50,000 re-plevin bond.
The court, in the order establishing the bond, also required that the corporation “control the sale of the jewelry by maintaining records which show which item of jewelry was sold, when it was sold and for what amount it was sold and the form of payment received.”
The bond was posted[1] and the corporation regained possession of its property. Ultimately the corporation went out of business and it was determined that the records required by the court had not been properly maintained. As punishment for noncompliance with its previous order, the court forfeited the replevin bond to the Parkers. We reverse.
The Parkers concede that the property redelivered under the replevin bond did in fact belong to the corporation. Thus we do not have a wrongful replevin claim. Although the court has various methods to enforce its orders, including contempt, improperly forfeiting a replevin bond is not one. In addition, since the Parkers had made only a small portion of the substantial purchase price for their stock; there is nothing in the record which indicates that their damages even approach the bond forfeiture amount.
REVERSED and REMANDED for further proceedings consistent herewith.
DAUKSCH and W. SHARP, JJ„ concur.

. The bond was titled “replevin bond" and provided:
The condition of this bond is that an affidavit has been duly made in this action that the said defendant wrongfully detains from said plaintiff certain personal property as contained in the complaint filed with the court and from which the value of this bond is set, said plaintiff claims the immediate delivery of such property to him as authorized by the statutes. Said property shall be returned to defendant if a return shall be adjudged and payment shall be made to said defendant of such sum as for any cause may be adjudged in his favor then the obligation shall be void; otherwise to remain in full force.